Patrick C. ROLLWITZ and Jean C. Roll-
witz, husband and wife, Plaintiffs,

v.

BURLINGTON NORTHERN
RAILROAD, a Delaware
Corporation, Defendant.

No. CV–80–154–BLG.

United States District Court,
D. Montana,
Billings Division.

Jan. 28, 1981.

Blair Jones, Jones Law Firm, Billings, Mont., for plaintiffs.

Gary H. Peterson, Burlington Northern, Inc., Billings, Mont., for defendant.

## OPINION AND ORDER

BATTIN, Chief Judge.

This is a tort action to recover for property damage and personal injuries sustained in a car/train collision. The action was originally brought in state court and subsequently removed to federal court by the defendant Railroad. The plaintiffs filed a motion to remand and that motion is presently before the Court.

Plaintiffs were passengers in a car being driven by their son when it collided with a Burlington Northern (BN) train. The accident occurred in Columbus, Montana, on October 29, 1978. Plaintiffs filed a four-count complaint against the defendant in the Thirteenth Judicial District of the State of Montana on September 4, 1980. The complaint did not state the amount of damages sought, but alleged gross negligence and prayed for punitive damages. On September 16, 1980, BN filed a petition for removal to Federal court along with the appropriate notice and bond. The petition alleged that the Federal court had diversity jurisdiction and that the amount in contro-

versy exceeded $10,000. On September 26, 1980, the plaintiffs filed a motion to remand the case on the ground that the amount in controversy does not exceed the $10,000 requisite jurisdictional amount.

## DISCUSSION

### I. The Controlling Statutes

■ Removal was effected here pursuant to 28 U.S.C. § 1441 et seq.[1] No order is necessary to complete removal of a case from state to federal court. It is accomplished merely by the defendant filing a verified petition stating the facts which entitle him to removal, together with a copy of all process, pleadings and orders served on him in the action, and a bond for costs. 28 U.S.C. § 1446; 14 Wright, Miller and Cooper, Federal Practice and Procedure [hereinafter Wright & Miller] § 3730, p. 715. The propriety of the removal may be tested in federal court by a motion to remand, and remand is required if at any time before final judgment it appears that the case was improvidently removed. 28 U.S.C. § 1447(c).

■ The timeliness of a petition for removal is dictated by 28 U.S.C. § 1446(b). It provides:

The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a petition for removal

---

1. Removal statutes are to be strictly construed against removal and in favor of remand. *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Martropico Compania Naviera S. A. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara (Pertamina)*, 428 F.Supp. 1035, 1037 (S.D. N.Y.1977); *Mielke v. Allstate Ins. Co.*, 472 F.Supp. 851, 853 (E.D.Mich.1979). The burden of establishing jurisdiction rests upon the party seeking to invoke it. *Carson v. Dunham*, 121 U.S. 421, 425, 7 S.Ct. 1030, 1031, 30 L.Ed. 992 (1887); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 253 (5th Cir. 1961).

may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

This provision is designed to resolve any questions as to the timeliness of removal that may be presented under state practice requirements. 16 A.L.R.Fed. 287, 324 (1973). If "the case stated" in the original complaint is removable, then only the first paragraph of § 1446(b) applies. If "the case stated" is not removable, then the second applies and the defendant has thirty days after receipt of a document from which it can be first ascertained that the case is one which is or has become removable. *Id.* at 327.

II. Application

In the present case jurisdiction is based on diversity of citizenship. Accordingly, this Court is empowered to act only if "the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a). If the requisite amount is not in controversy, then the case must be remanded.

▮ As a general rule, the amount stated in the complaint will determine the amount in controversy unless it is shown that the amount is not claimed in good faith. *St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961). However, where the complaint contains no specification of damages, the federal courts have had to look elsewhere to determine if there is federal jurisdiction. In such cases the federal courts have either: (1) looked to the petition for removal, (2) made an independent appraisal of the monetary value of the claim or suggested the defendant was free to do so, or (3) remanded the action. 14 Wright & Miller ¶ 3725 p. 666. For the reasons explained below, we remand the action to state court.

The removability of the present action could not be ascertained from the face of the complaint: it contained no representation that the plaintiff was seeking the requisite jurisdictional amount. Nonetheless, the defendant immediately removed to federal court so as to avoid the running of the thirty-day time period imposed by the first paragraph of § 1446(b). The defendant's apparently premature removal was not initiated without some justification. In a number of cases in which the complaint contained no ad damnum clause the courts have made an independent evaluation of the amount in controversy, see *Lee v. Altamil Corp.*, 457 F.Supp. 979, 981 (M.D.Fla. 1978) (court concluded that a "reasonable reading" of the complaint indicated that the amount in controversy exceeded $10,000); *Horak v. Color Metal of Zurich, Switzerland*, 285 F.Supp. 603, 606 (D.N.J.1968) (court concluded from allegations that it was "likely" that more than $10,000 could be recovered) and denied removal to defendants who failed to remove within 30 days of receiving the complaint. See also *Mielke v. Allstate Ins. Co.*, 472 F.Supp. 851 (E.D.Mich.1979). In these cases the courts rejected the respective defendants' contentions that the thirty-day period for seeking removal did not begin on the date of receiving the complaint, but, rather, on some later date when it was "first ascertainable" that the cases were removable. They concluded that the second paragraph of § 1446(b) had no application, that the period for removal began upon service of the complaint, and accordingly remanded the cases to state court.

This approach to resolving the issue of the timeliness of removal has been attacked as unsound by Professor Moore, 1A Moore's Federal Practice ¶ 0.168[3.–5], n. 32 at 483–84, since it forces the defendant to speculate as to whether the case is removable. He suggests:

Under some state practices an ad damnum clause is not required or has been eliminated, as where the damages are unliquidated. If, as a result of this practice, the defendant is unable to determine whether the jurisdictional amount is

present, the defendant's time for removal should not begin to run until he is apprised of claims by the plaintiff for an amount that satisfies the jurisdictional requirement. For example, where the defendant may make a demand upon the plaintiff for a statement as to damages and he does so, defendant's time for removal should begin to run from the time of the receipt by him of the plaintiff's answer or response to defendant's demand, which shows a claim that satisfies the jurisdictional amount required for removal. Plaintiff's answer or response comes within the "other paper" mentioned in § 1446(b).

*Id.* at 483. The logic of this approach is persuasive since it is apparent that no purpose is served by beginning the period for removal until the defendant has an opportunity to intelligently conclude that the requisite amount is in controversy.

A number of cases are in apparent agreement with Professor Moore. For example, in *Bonnell v. Seaboard Air Line Railroad Co.*, 202 F.Supp. 53 (N.D.Fla.1962), plaintiff brought a personal injury action in state court without stating the amount in controversy, merely alleging that the jurisdictional requisite of $500 was met. The plaintiff subsequently issued a demand letter for $50,000. Later during discovery the defendant asked the plaintiff to admit that more than $10,000 was in controversy. The plaintiff failed to respond and the request was deemed admitted. The court concluded that the case was not removable as initially filed since it was not shown that the requisite jurisdictional amount existed, that the demand letter did not qualify as "other paper" under § 1446(b), and consequently held that the period for seeking removal began on the date the request for admission was deemed admitted. *Id.* at 54–55. For similar analysis and results in analogous circumstances see *Fleming v. Colonial Stores, Inc.*, 279 F.Supp. 933 (N.D.Fla.1968); *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252 (5th Cir. 1961). See also, *Jong v. General Motors Corp.*, 359 F.Supp. 223, 226 (N.D.Cal.1973); *Hamilton v. Hayes Freight Lines*, 102 F.Supp. 594,

596 (E.D.Ky.1952); *Camden Indus. Co. v. Carpenter's Local No. 1688*, 246 F.Supp. 252, 255 (D.N.H.1965), aff'd on other grounds, 353 F.2d 178 (1st Cir. 1965), where the courts found that the running of the time period for seeking removal began only when it could be ascertained from "other papers" that the requisite amount was in controversy.

In all of these cases the issue before the court was the propriety of allowing the defendant additional time to remove beyond the thirty days immediately following receipt of the complaint, *i. e.*, the applicability of the second paragraph of § 1446(b). In the present case the defendant removed in a timely fashion, but before the removability of the case was apparent. Thus, the issue here is not the timeliness of the removal, but the propriety of removal in the first instance.

■ An illustration of the principles which guide this Court is provided by *Wright v. Continental Cas. Co.*, 456 F.Supp. 1075 (M.D.Fla.1978). In that case the complaint did not disclose whether the requisite amount was in controversy. The defendant removed, however, and alleged that more than $10,000 was at issue. The plaintiff did not make a motion to remand, but merely relied on prior decisions, *Bonnell, supra*, in particular, for the rule that as a matter of law the court could not consider the allegations in the petition for removal if the complaint did not disclose the amount in controversy. The court termed this rule from *Bonnell* dicta, and held that the allegations in the petition for removal, if not contradicted by the complaint, were alone sufficient to establish federal jurisdiction. *Id.* at 1078. The court clarified its holding by stating that had the plaintiff denied the allegations of the petition by a motion to remand, a factual determination would be necessary. *Id.* The court's approach to the issue was dictated by the Supreme Court's opinion in *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936). In that case the parties contested whether the requisite amount was in controversy. The

court held that the burden of proof lay on the party seeking to invoke the court's jurisdiction. *Id.* at 189. Its analysis is instructive:

> The authority which the [removal] statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence. We think that only in this way may the practice of the District Courts be harmonized with the true intent of the statute which clothes them with adequate authority and imposes upon them a correlative duty.

*Id.* See also *Winters Govern. Sec. Corp. v. Cedar Point,* 446 F.Supp. 1123, 1127 (S.D. Fla.1978). Thus, the district court has an obligation to make a factual inquiry into the removability of a case once the issue has been contested by a timely motion to remand.

In the present case the petition for removal alleged that the jurisdictional amount was in controversy. That fact has been placed in dispute by plaintiffs' motion to remand. In its brief in opposition to the motion to remand, the defendant notes that the plaintiff has alleged gross negligence and seeks punitive damages[2]—however, neither of these facts standing alone provides any factual basis for concluding that the requisite amount is in controversy. There is no other evidence of either the specific type or extent of the injuries involved, and consequently the defendant has failed to carry the burden of establishing that this Court has jurisdiction. The defendant cannot, by unsupported and contested averment, unilaterally invest this Court with jurisdiction; the case must be remanded to state court. If the plaintiffs should later amend their complaint to seek more than the requisite amount or if it is ascertained through discovery that the requisite amount is in controversy, the thirty-day period for seeking removal would begin again. 28 U.S.C. § 1446(b).

While this holding disposes of the instant case, it leaves unresolved many of the points raised by the parties and integral to our decision. In an effort to clarify our holding, we discuss the following matters.

There is an additional reason for our conclusion in this case. Plaintiffs in civil actions have the option of avoiding a federal forum. "If . . . [the Plaintiff] does not desire to try his case in the Federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. at 294; see also, Wright & Miller § 3725, pp. 662–63. This right would be totally abrogated were we to allow the unsupported allegation in a petition for removal to control the issue of removal when the complaint is silent.[3] A factual inquiry is necessary.

---

2. If a claim is made in good faith, punitive damages may be included in computing the amount necessary for federal jurisdiction. *Davenport v. Mutual Benefit Health & Accident Assn.,* 325 F.2d 785, 787 (9th Cir. 1963); 32 Am.Jur.2d, Federal Practice and Procedure § 151 at p. 594.

3. We do not read Montana Rule of Civil Procedure 54(c), which provides that the ad damnum is not a limitation on what the plaintiff ultimately may recover, as imposing on plaintiff's option of avoiding federal jurisdiction by seeking less than the requisite amount for diversity jurisdiction. The amount requested by the plaintiff in state court is "the amount in controversy." To hold otherwise would abolish the $10,000 jurisdictional requisite on removal since in every case an unlimited amount would be placed in controversy. It would also negate the Supreme Court's rule that the sum claimed by the plaintiff controls as long as it is made in good faith. *St. Paul Mercury Indemnity Company v. Red Cab Co.,* 303 U.S. 283, 288, 58

■ In support of its contention that removal was prematurely sought in this action, plaintiff notes that this is not a case where the plaintiff has neglected to include or intentionally omitted a specific statement of the damages sought: Montana Code Annotated [MCA] § 25–4–311 prohibits a statement of damages from being included in a complaint in a personal injury action.[4] Still, if the plaintiff is to preserve the option of avoiding the federal forum he must take the initiative and inform the defendant of the amount being sought. MCA §§ 25–4–313 and 314 provide alternative avenues for providing this information.[5] The plaintiff cannot be allowed to indefinitely deprive the defendant of his right of removal—there is a need for certainty to allow the defendant to decide promptly whether to remove. *Albright v. R. J. Reynolds Tobacco Co.*, 531 F.2d 132, 136 (3rd Cir.), cert. denied, 426 U.S. 907 (1976).

■ We have already observed that once the question of the amount in controversy has been placed in issue by the allegations of a timely petition for removal and consequent motion to remand that the court must undertake to make an independent evaluation of the value of the suit.[6] We note in passing, however, that the same considerations do not necessarily apply when the issue is whether the defendant should be allowed to invoke the second paragraph of § 1446(b) to preserve the right of removal, i. e., the timeliness of removal. No purpose is served by requiring the defendant, or the court, to speculate as to the amount in controversy when that amount can be ascertained from the plaintiff within a reasonable time through normal discovery procedures.[7] If the amount in controversy

S.Ct. 586, 590, 82 L.Ed. 845 (1938); *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); see also 14 Wright & Miller § 3725 pp. 666–68.

4. MCA § 25–4–311 provides:
   In an action for the recovery of money or damages for personal injury or wrongful death, the amount thereof may not be stated in the claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim.

5. The amount of damages sought may be ascertained either by the defendant's filing of a request for damages (MCA § 25–4–312), or if no request is forthcoming, the plaintiff may inform the defendant of the amount being sought by timely notice (MCA § 25–4–313). The plaintiff is free, however, as of the time of the filing of the complaint, to give the defendant a statement of the damages sought, though that statement may not be filed until 20 days after the complaint is filed. MCA § 25–4–314.

6. Once the court evaluates the claim and determines that jurisdiction has attached, events occurring subsequent to removal, whether beyond the plaintiff's control or the result of his volition, do not oust the court of jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. at 293, 58 S.Ct. at 592; *Albright v. R. J. Reynolds Tobacco Co.*, 531 F.2d 132, 135 (3rd Cir.), cert. denied, 426 U.S. 907, 96 S.Ct. 2229, 48 L.Ed.2d 832 (1976).

7. Adopting a rule which requires speculation as to the removability of an action places the defendant in a quandry: If he estimates that

the requisite jurisdictional amount is in controversy and removes, and the plaintiff contests that estimate by motion to remand, the defendant will be required to pay the "just costs" of his error in judgment if the court concludes that removal was improper. 28 U.S.C. § 1447(c). On the other hand, if the defendant estimates that removal is impossible only to have it appear after thirty days have passed that in fact more than the requisite amount was always in controversy, the right of removal would be lost if the court then concludes that removability was apparent from the initial pleadings. See *Horak, supra,* and *Altamil, supra.* Neither result is justified or necessary in a case where the plaintiff, if given the opportunity, is capable of stating the amount in controversy.

In some cases, however, the court will be required to estimate the value in controversy, and the second paragraph of § 1446(b) will have no application absent some substantial change in the nature of the case. See, e. g., *Davenport v. Proctor & Gamble Manu. Co.*, 241 F.2d 511 (2nd Cir. 1957), where the plaintiff's prayer sought only a petition to compel arbitration. The court there looked to the petition for removal for the allegation of the jurisdictional amount and found adequate support for the allegation in the affidavits filed in opposition to the motion to remand. *Id.* at 514. It is in this species of case where the perspective (plaintiff's or defendant's) from which the case is viewed by the court may determine removability.

does not appear upon filing of the original complaint, the thirty-day period commences to run anew upon the receipt by the defendant of some subsequently filed pleading or other paper from which the defendant can first ascertain the case is removable.[8] 28 U.S.C. § 1446(b).

IT IS ORDERED that this action be remanded to the Montana District Court for the Thirteenth Judicial District as provided for by 28 U.S.C. § 1447(c).[9] Remand is without prejudice to the defendant's right to remove if at any time during the course of the state court proceedings it should first appear that the amount in controversy exceeds $10,000.

IT IS ALSO ORDERED that the parties bear their own costs with respect to this petition for removal and its disposition, and that defendant's bond be returned.

I am authorized to say that the other Judges of the District Court for the District of Montana have read and agree with this opinion.

---

**8.** It elevates form over substance to conclude, as some courts have, that "other paper" means "filed" paper in every case. See *Putterman v. Daveler*, 169 F.Supp. 125, 129 (D.Del.1958). This is particularly true in light of recent amendments to the procedural rules applicable in this Court which exempts from the filing requirements certain discovery documents. See United States District Court Revised Rule 8(c), as amended October 27, 1980. While the scope of the materials encompassed by the term *other paper* must await future decisions, it is clear that the defendant is charged with knowledge of the amount in controversy when that information is obtained pursuant to either the available procedural avenues or the specific statutory provisions controlling ad damnum clauses in particular cases. (See, *e. g.*, MCA §§ 25–4–311 to 314).

**9.** 28 U.S.C. § 1447(c) provides:

If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case.